# STATE OF FLORIDA v. BURKE
## Case No. MM85-0002A1
County Court, Polk County

May 9, 1985

### APPEARANCES OF COUNSEL

**Joseph Williams,** Assistant State Attorney, for plaintiff.
**Thomas Ali** for defendant.

### OPINION OF THE COURT

CAROL C. MURPHY, County Judge.

This case came on for a trial before the court on April 25, 1985. Present were defendant, William David Burke; his attorney, Thomas Ali; and assistant state attorney, Joseph Williams. Four witnesses, two women and their two daughters, who were aged 11 and 13, testified that defendant was out in his front yard, talking to one of the women.

The consensus of the testimony of these four witnesses was that, in the sight and hearing of both women and the two girls, defendant yelled some obscenities at one of the women and accompanied his verbal obscenities with lewd gestures consisting of grabbing himself in the groin and making motions upward with his hands while stating words to the effect of "you like this, don't you?"

130

One of the witnesses stated that defendant's comments were "loud." The episode lasted about five minutes. No witnesses testified that defendant's statements and actions were such to incite either brawling or fighting. Clearly, the women thought defendant's actions were such as to corrupt the morals of their children and to outrage their sense of public decency. It is also clear that the women were angry and upset, and that both of the children were embarrassed by the incident.

Defendant and his girlfriend also testified, and their testimony, though mostly consistent with that of the State's witnesses, was in part somewhat inconsistent with that of the other witnesses. However, the court finds the facts to be as in the foregoing paragraphs based upon the demeanor and credibility of all the witnesses who testified.

The court also finds that defendant's conduct would, within this community, be such conduct as would "outrage the sense of public decency," as prohibited by the statute which defendant is charged, section 877.03, Florida Statutes. In 1978, the Florida Supreme Court declared unconstitutional section 847.04, an open profanity statute, because it punished pure speech without limiting the prohibited conduct to speech which came within the definition of "fighting words." *Brown v. State*, 358 So.2d 16 (Fla. 1978).

The conduct with which the defendant is charged in the instant case falls squarely within the conduct prescribed by this unconstitutional statute. Because section 847.04 was declared unconstitutional, however, defendant could not be charged under that section and was charged instead with disorderly conduct. In fact, the offensive words which the testimony brought out were used by defendant were the same as those in *Brown*, "mother-f____" Although this language by defendant is, and the court so finds, annoying as well as indecent and outrageous, it does not amount to fighting words, at least as the situation was presented by the testimony.

Clearly, obscenity is not speech which is protected under the First Amendment. However, the Supreme Court, in the definitive case of *Miller v. California*, 413 US 15 (1973), clearly defined what was necessary in order for a statute to validly proscribe obscenity. One of the requirements was that the statute specifically delineate what was obscene—and this was limited to "patently offensive 'hard core' sexual conduct." *Home Box Office, Inc. v. Wilkerson*, 531 F. Supp. 986, 994 (D. Utah 1982), *quoting Miller*.

Section 877.03 does not define the terms "corrupt the public morals" or "sense of public decency" in any way which would bring it within *Miller*. The Florida Supreme Court, in *White v. State*, 330 So.2d 3

**131**

(Fla. 1976), construed the morality part of our disorderly conduct statute away, limiting that statute's regulation of speech to fighting words. *See State v. Saunders*, 339 So.2d 641 (Fla. 1976) (Section 877.03 also encompasses words like shouting "fire" in a crowded theatre). *See also* Chapter 847 for statutes which, at least facially, attempt to comply with the standard set out in *Miller*.

Though indecent and outrageous, defendant's words were not fighting words and thus, section 877.03 does not apply to them.

True, defendant's complained of activity consisted of both words and conduct. However—and this is crucial to this decision—it is crystal clear that defendant's gestures were expressive communication. Defendant was clearly trying to tell his neighbors something, and indeed, trying to outrage their sense of decency. Defendant's action, like the action of hanging a flag up with a peace symbol, was a form of communication. *See Spence v. Washington*, 418 US 405, 409 (1974). As in *Spence*, "there can be little doubt that [defendant] communicated through the use of symbols." *Id*. at 410.

Forms of conduct that express ideas without significantly interferring with legitimate state interests are privileged under the First Amendment.

*Turchick v. United States*, 561 F.2d 719, 724 (8th Cir. 1977).

The fact that defendant's speech and conduct were offensive to the witnesses of that speech and conduct, and would be offensive to many segments of this community, if not to the majority, does not remove that speech and conduct from the sphere of First Amendment protection, as the First Amendment "guarantee is not confined to the expression of ideas that are conventional or shared by a majority." *Home Box Office, Inc. v. Wilkerson*, 531 F.Supp. 986, 1001 (D. Utah 1982), *quoting Kingsley Int'l Pictures Corp. v. Regents*, 360 US 684, 688 (1959).

For conviction under section 877.03,

more must be shown than that the words were offensive to a part of the general population

*White* at 7.

The court recognizes that some of the witnesses to defendant's conduct were minors and that "more stringent controls on communicative matters are available to youths than to adults." *Erznoznik v. City of Jacksonville*, 422 US 205, — (1975). However, as in *Home Box Office*, the "statute itself makes no reference to children and applies to

132

children and adults alike. See *Home Box Office* at 997. As in *Home Box Office,*

> to limit its terms to only that . . . that is "obscene" as to minors . . . "would be to make a new law, not to enforce an old one."

*Id.* at 998 (citations omitted).

This court is not willing to totally rewrite the disorderly conduct statute so as to construe it to prohibit conduct in the presence of minors which cannot be prohibited as to adults. If the legislature wanted to apply different standards as to disorderly conduct in the presence of minors, it would have done so, as it did in regard to pornography in section 847.013, Florida Statutes.

Although there was testimony that defendant was loud and noise, by its "very decibal count" can be regulated as nonspeech action, in the case at bar, the loudness of defendant's speech did not rise to the level of a violation of the disorderly conduct statute. See *White* at —.

Although the court does not in any way condone defendant's conduct, the court finds that defendant's conduct was expression protected by the First Amendment and excluded from Florida's disorderly conduct statute by our supreme court. The court, therefore, finds defendant NOT GUILTY as charged in the complaint affidavit.